|  |  |  |
|---|---|---|
| ) | | |
| ) | | |
| IN RE: SEARCH OF THE PREMISES ) | No. 25-MC-91442-LTS | |
| IN CALIFORNIA ) | | |
| ) | **Filed Under Seal** | |
| ) | | |
| ) | | |

## JOINT RESPONSE TO COURT'S ORDER

The government, jointly with Intervenor Nowel Milik, hereby responds to the Court's Order of March 20, 2026, Dkt. 24, and addresses the parties' respective positions below:

The Government's Position

1. The government respectfully submits that the Court's merits orders, Dkts. 13 & 24, should remain sealed given the case's current investigative posture. This matter originated during an active, pre-charge grand jury investigation that involves multiple individuals and other ongoing covert investigative measures. If it would facilitate the Court's consideration of the issue, the government stands ready to provide the Court with an *ex parte* submission detailing why continued sealing of this matter is appropriate. The government further proposes providing the Court with a status report as to the government's position on sealing every 30 days.

2. The government has filed a notice of appeal from the Court's merits orders. It respectfully requests that the Court stay its merits orders while that appeal is pending.

3. Given the pending appeal and the government's request that the Court stay its merits orders, it believes it premature to delineate the terms of any order implementing the Court's merits orders, such as a filter protocol and procedure.

4.	Regarding any extension of the one-year review period currently authorized by the search warrant, the government submits that the time period to review the Intervenor's marital communications should remain tolled.

The Intervenor's Position

1.	The Intervenor respectfully submits that the Court should unseal its orders and believes the Court can do so in a manner that does not, in any respect, jeopardize disclosing the nature or substance of the government's grand jury investigation.  The orders address a pure legal issue: the applicability of the marital communications privilege during the government's execution of a search warrant.  In any event, the Intervenor of course has no objection to the Court redacting and/or stripping the orders of any material that could arguably disclose confidential grand jury matters (*i.e.*, the name of the issuing Magistrate, references to California, any dates, etc.).

2.	The Intervenor has no objection to the Court staying its merits orders pending any government appeal, provided that the Court extends its current order compelling the government to abstain from reviewing the challenged communications in the interim.

3.	The Intervenor previously submitted his proposed terms for a Court Order implementing the merits orders in a response filed under seal on December 19, 2025.  At this time, the Intervenor maintains his previously filed position.

4.      The Intervenor does not object to an extension of the one-year review period as to Intervenor's marital communications.

Respectfully submitted,                    Respectfully submitted,

The Intervenor                             LEAH B. FOLEY
By His Attorney,                           United States Attorney

/s/ Robert M. Goldstein          By:       /s/ Kaitlin R. O'Donnell
Robert M. Goldstein, Esq.                  KAITLIN R. O'DONNELL
                                           IAN J. STEARNS
                                           Assistant United States Attorneys

Date: April 17, 2026

## CERTIFICATE OF SERVICE AND LOCAL RULE 7.1 COMPLIANCE

I hereby certify that an electronic copy of this document was provided to the Court for filing under seal and counsel for the Target, and that pursuant to Local Rule 7.1(a)(2), counsel for the Target assents to the relief requested in this motion.

By:       /s/ Kaitlin R. O'Donnell
          KAITLIN R. O'DONNELL
          Assistant United States Attorney